Comprehensive Med. Assist, P.C. v State Farm Fire & Cas. Co. (2022 NY
Slip Op 51250(U))

[*1]

Comprehensive Med. Assist, P.C. v State Farm Fire & Cas.
Co.

2022 NY Slip Op 51250(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-715 K C

Comprehensive Medical Assist,
P.C., as Assignee of Ernst Milorod, Respondent,
against
State Farm Fire & Casualty Company, Appellant.

McDonnell, Adels & Klesyzick, PLLC (Michael J. Giordano of counsel), for
appellant.
Zara Javakov, P.C. (Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered August 2, 2021. The order denied defendant's motion for
summary judgment dismissing the complaint as untimely and on the merits.

ORDERED that the order is modified by striking the second paragraph which
determined the merits of defendant's motion for summary judgment dismissing the
complaint; as so modified, the order is affirmed, without costs.
Plaintiff Comprehensive Medical Assist, P.C. (Comprehensive) commenced this
action in January 2018 to recover first-party no-fault benefits for services it rendered to
its assignor who was allegedly injured in a motor vehicle collision on May 9, 2017. A
notice of trial was filed on June 14, 2018. In February 2018, "State Farm Mutual
Automobile Insurance Company" (State Farm) commenced a declaratory judgment
action against Comprehensive, its assignor, and others, in the Supreme Court of Nassau
County, seeking a declaration that the May 9, 2017 collision was an intentional staged
accident and that State Farm had no duty to provide insurance coverage for any claims
arising out of this collision. By order dated November 26, 2018, the [*2]Supreme Court granted, on default, State Farm's motion for
entry of a declaratory judgment. 
Thereafter, in September 2019, defendant moved in the Civil Court for summary
judgment dismissing the complaint on the ground that the instant action is barred by the
doctrines of res judicata and collateral estoppel due to the November 26, 2018 Supreme
Court declaratory judgment order. The Civil Court, by order dated August 2, 2021,
denied the motion, finding that the Supreme Court order had no preclusive effect and that
the motion was untimely. The order stated, in pertinent part, as follows:
"Upon the foregoing cited papers the Decision and Order on Plaintiff's
motion for Summary Judgment and Defendant's Cross Motion for Summary Judgement
is as follows:
Defendant's motion for summary judgment
based on res judicata and collateral estoppel is hereby denied. The declaratory judgment
attached to Defendant's [sic] does not preclude the instant case as it is devoid of any
declaration as to the rights of the parties. According[ly,] the declaratory judgment order
lacks a[] preclusive effect.
In addition, the Court notes that
Defendant filed its motion for summary judgment beyond the one hundred twenty (120)
day deadline following Plaintiff's filing of the Notice of
Trial.
Defendant did not offer a reasonable excuse for the
delay in its moving papers. Instead, Defendant attempted to establish a reasonable excuse
for the delay in its reply which is not permissible" (citations
omitted).
CPLR 3212 (a) provides that a motion for summary
judgment "shall be made no later than one hundred twenty days after the filing of the
note of issue, except with leave of court on good cause shown" (see also Brill v City of New
York, 2 NY3d 648, 651 [2004]). The notice of trial herein was filed on June 14,
2018, and defendant did not move for summary judgment until September 2019, which is
455 days after the notice of trial was filed and 290 days after the date of the Supreme
Court declaratory judgment order. In its moving papers, defendant failed to address this
delay and did not demonstrate good cause for not filing its motion within the CPLR 3212
(a) time frame (see BQE
Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 65 Misc 3d 152[A], 2019
NY Slip Op 51887[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Rather, in its papers in reply to plaintiff's opposition, defendant argued that the time in
which it had to file the motion had been stayed since the Supreme Court had issued a
temporary retraining order on August 20, 2018. It is well settled that "[a]rguments raised
for the first time in reply may be considered if the original movant is given the
opportunity to respond and submits papers in surreply" (Gluck v New York City Tr.
Auth., 118 AD3d 667, 668 [2014]; see also Urmas Med., P.C. v 21st Century Centennial Ins. Co.,
61 Misc 3d 135[A], 2018 NY Slip Op 51526[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]). In the case at bar, "there is no indication that [*3]the plaintiff was afforded an opportunity to submit a
surreply" (Gottlieb v
Wynne, 159 AD3d 799, 801 [2018]; see also Urmas Med., P.C. v 21st
Century Centennial Ins. Co., 2018 NY Slip Op 51526[U]). In any event, defendant's
motion was made beyond the 120-day time period even after the stay had expired.
Consequently, we find that the Civil Court properly determined that defendant's summary
judgment motion was untimely (see Urmas Med., P.C. v 21st Century Centennial Ins.
Co., 2018 NY Slip Op 51526[U]). In view of the foregoing, the Civil Court should
not have considered the merits of defendant's motion which sought dismissal based on
the alleged preclusive effect of the Supreme Court order.
Accordingly, the order is modified by striking the second paragraph which
determined the merits of defendant's motion for summary judgment dismissing the
complaint.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022